[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SUBSTITUTE
An ex parte prejudgment remedy of attachment was issued by this court (Curran, J.) on July 25, 1989. The attachment granted was on property at 1190 Whalley Avenue in New Haven. The effect of the attachment was to attach a one-half interest of Miriam Skolnick in that property, which was purchased July 14, 1988 for $50,000. A one-half interest at that time was worth $25,000, although the property was subsequently improved and is worth some higher unascertained amount on the date of the attachment.
The purpose of an attachment is to provide security for CT Page 2700 any judgment that may be recovered in the underlying action by the plaintiff. The defendant produced a qualified appraiser who found the present fair market value of the property to be $210,000 based upon the income approach. The income approach is appropriate with a four family residential building, particularly one where all of the dwelling units are rented, which is the case here. The appraiser used a multiplier of seven times annual gross income, which is reasonable. There was no credible evidence to the contrary. The property in question, at 440 Dixwell Avenue in New Haven is subject only to a mortgage having a value of about $50,000. The original attachment here was $150,000, so a substitution of property as requested by the defendant should be adequate security for the plaintiff. Moreover, as the defendant points out, substitution in fact gives the plaintiff more security, since the value of the attachment on the property at 1190 Whalley Avenue is much less. The defendant's reason for shifting the attachment to another property is because the Whalley Avenue property has been sold and the plaintiff's attachment is an encumbrance on that property.
The plaintiff claims that Paragraph 17 of a mortgage commitment letter dated September 15, 1989 and signed by the parties precludes the defendant from substituting an attachment on the Dixwell Avenue property for an attachment on the Whalley Avenue property. The provision relied upon merely provided that if the defendants gave the plaintiff Bank a first mortgage on property at 116 Welton Street in New Haven that all attachments previously obtained in this action would be released.
Paragraph 17 does not cover the subject of possible substitution of other property for parcels under attachment. No sound reason has been shown why the defendant's motion should not be granted. Under the Pinsky decision, an ex parte attachment of real estate is questionable, and if this court had been confronted with the defendant's request here in the first instance it would have been approved, since the property at 440 Dixwell Avenue, New Haven, provides adequate security for the plaintiff's claim.
The motion to substitute is granted, and the plaintiff is directed to release the attachment on 1190 Whalley Avenue at such time as a substitute attachment is filed on the property at 440 Dixwell Avenue, New Haven.
ROBERT A. FULLER, JUDGE CT Page 2701